# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 cv 123

| | |
|---|---|
| LINDA STURDIVANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THE ARC OF HAYWOOD COUNTY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is Defendant's Motion to Strike [# 20].

**Background.** On September 21, 2017, Plaintiff filed her Complaint with the General Court of Justice, Superior Court Division of Guilford County, North Carolina. [# 1 ¶ 1]. On September 25, 2017, Defendant received a copy of the Complaint and Summons. [# 1 ¶ 1]. On October 25, 2017, Defendant filed its Notice of Removal in the Middle District of North Carolina. [# 1]. On that same date, Defendant filed its Answer [# 9], Motions to Dismiss [# 4, # 7] and a Motion to Change Venue. [# 2]. On November 9, 2017, Plaintiff filed a Response consenting to Defendant's Motion to Change Venue to the Western District of North Carolina. [# 17]. Defendant did not file a reply.

On May 8, 2018, District Judge Loretta C. Biggs entered an Order granting Defendant's Motion to Change Venue. [# 24]. On that same date, District Judge Martin Reidinger referred the Motion to Strike to this Court. The Court now evaluates Defendant's Motion to Strike [# 20].

**Legal Standards.** Under Fed. R. Civ. P. 12(f), the "Court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either sua sponte or upon motion. Simaan, Inc. v. BP Products North American, Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). In a motion to strike, the burden is high and rests with the movant. Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). Motions to strike are not favored, and any doubts about whether the motion should be granted should be resolved in favor of the non-moving party. *See* Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *2–*3 (W.D.N.C. April 8, 2011).

Immaterial describes matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Impertinent describes matter that "do[es] not pertain, and [is] not necessary, to the issues in question." Id. Scandalous material includes matter that reflects on a party's moral character or detracts from the dignity of the court. *See* Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004).

Striking Materials in Regard to a 12(b)(6) Motion. A court has three options regarding the when considering a motion to strike: (1) a court could allow the materials; (2) a court could ignore the materials; or (3) a court could strike the materials outside of the pleadings. If a court allows and considers materials outside of the pleadings, Fed. R. Civ. P. 12(d) would require a court to convert a 12(b)(6) motion to dismiss to a motion for summary judgment. The other two options have the same practical effect of not considering the outside materials. A court may either ignore the materials or go an 'extra step' and strike them at its discretion. *See* McBurney v. Cuccinelli, 616 F.3d 393, 410 (4th Cir. 2010)

(J., Agee, concurring in part and dissenting in part); Brown v. Bank of America, 2012 WL 380145 at *6 (D. Md. Feb 3, 2012).

Striking Materials Regarding a 12(b)(1) Motion. A 12(b)(1) motion to dismiss addresses whether a court has subject-matter jurisdiction to hear the dispute. Darling v. Falls, 236 F. Supp. 3d 914, 920 (M.D.N.C. 2017). Where a defendant alleges jurisdictional claims in the complaint are faulty, a "court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A court, however, may still strike material that is redundant, immaterial, impertinent, or scandalous.

**Discussion.** Defendant asks the Court to strike "**Exhibit A, together with all references to Exhibit A**, as contained in Plaintiff's arguments in her [Responses in Opposition.]" [# 21 p. 1] (emphasis in original).

Plaintiff's Complaint contains allegations that referenced Plaintiff's Equal Employment Opportunity Commission (EEOC) Charge and Plaintiff's EEOC Right to Sue Letter. [# 10 ¶ 14]. Plaintiff did not attach these documents to her Complaint. In its Memorandum in Support to its Second Motion to Dismiss, Defendant included Plaintiff's Original EEOC Charge dated April 4, 2016. [# 8 Ex. 2]. In her Response in Opposition, Plaintiff included her Amended EEOC Charge dated July 12, 2016. [# 16 Ex. 1].

It appears that Defendant included Plaintiff's Original EEOC Charge to bolster its argument that Plaintiff failed to exhaust her administrative remedies. It is not clear to the Court why or how Defendant was unable to locate Plaintiff's Amended EEOC Charge. It is further unclear to the Court why it should allow Defendant to include the Original EEOC

Charge and strike the Amended EEOC Charge. Though not explicitly stated, the Court finds Plaintiff's inclusion the Amended EEOC Charge is an attempt to give the Court the operative charge.

Plaintiff's inclusion of the Amended EEOC Charge is perhaps evidence to counter Defendant's 12(b)(1) motion. Or, the Court is also intrigued by Plaintiff's argument that the Amended EEOC Charge is an integral and explicitly relied upon document. Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999) ("[A] court may consider [a document outside the complaint] in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity."). The question here is whether Defendant met its burden to strike the Amended EEOC Charge. The Court finds that Defendant has not met its high burden. While the Court retains the authority to subsequently determine not to consider the document, that question is for a later day.

## ORDER

The Court **DENIES** the Motion to Strike [# 20].

Signed: May 8, 2018

Dennis L. Howell
United States Magistrate Judge